**Michael DePUE, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (N. Paone Construction, Inc.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 5, 2012.
Decided Jan. 30, 2013.

Steven H. Kitty, Doylestown, for petitioner.

Shannon P. Mickle, Haverford, for respondent N. Paone Construction, Inc.

BEFORE: LEADBETTER, Judge, and BROBSON, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Judge LEADBETTER.

Michael DePue (Claimant) appeals from the order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of the Workers' Compensation Judge (WCJ) denying (1) his petition for review seeking to add a left shoulder inju-

ry to the description of his work injuries more than two years after approval of the Compromise and Release Agreement (C & R agreement) and (2) his petition for assessment of a penalty against N. Paone Construction, Inc. (Employer) for failure to pay medical bills for the left shoulder injury. Because Claimant was not permitted to add a new work injury after approval of the C & R agreement, we affirm.

The relevant facts are undisputed. Claimant sustained a work-related closed head injury on February 26, 1996 and received disability benefits pursuant to a notice of compensation payable issued by Employer. On March 3, 2008, Claimant and Employer entered into a C & R agreement to settle Claimant's indemnity benefits for a lump sum amount of $175,000 as "a full and final satisfaction of all future wage loss benefits." Exhibit D–1; Reproduced Record (R.R.) at 9. The injuries subject to the C & R agreement were described as "any and all injuries suffered at North Paone Construction Company, including but not limited to *the accepted injuries of a severe closed head injury with seizure disorder and short term memory loss.*" *Id.;* R.R. at 7 (emphasis added). Employer agreed to continue to pay "all reasonable and related medical bills." *Id.;* R.R. at 8. The parties waived their appeal rights. After a hearing held on March 3, 2008, WCJ Susan Kelley approved the C & R agreement and adopted and incorporated its terms as her own findings of fact. Utilizing the 2003 Life Tables, she determined that Claimant had the life expectancy of 30 years or 1560 weeks and was entitled to receive a prorated value amount of $401.04 a month.

On July 19, 2010, Claimant filed a penalty petition alleging that Employer failed, neglected or refused to pay medical bills. Claimant sought to impose a penalty upon Employer in the amount of 50% of the $1200 medical bills. On September 7, 2010, Claimant filed another petition seeking to review his benefits, alleging that the description of his work injuries was incorrect. In its answer, Employer denied Claimant's allegations and sought dismissal of the review petition invoking res judicata and collateral estoppel.

On September 13, 2010, WCJ Bonnie Callahan held a hearing on the petitions. To support his petitions, Claimant submitted a pre-trial memorandum (Exhibit C–1), in which he alleged that Employer informed him in January 2010 that it would no longer pay for treatment of his left shoulder injury. Employer submitted WCJ Kelley's March 3, 2008 decision approving the C & R agreement (Exhibit D–1); the transcript of the March 3, 2008 hearing held on the petition to approve the C & R agreement (Exhibit D–2); and a packet consisting of a proposed addendum to the C & R agreement prepared by Claimant's counsel with changes and a handwritten notation made by Employer's counsel thereon, and the February 27, 2008 letter of Employer's counsel sent to Claimant's counsel (Exhibit D–3).

In a subsequently issued interlocutory order, WCJ Callahan precluded Claimant from proceeding on the review petition and scheduled a hearing on the penalty petition to determine whether Claimant was alleging unpaid medical bills for the left shoulder injury only or for other injuries accepted by Employer. She indicated that if Claimant was alleging the medical bills only for the left shoulder injury, the penalty petition would be denied. At a subsequent hearing, Claimant's counsel stated that the penalty petition was related only to the left shoulder injury. WCJ Callahan denied the review petition and the penalty petition. She concluded that the review petition was barred by res judicata because Claimant was aware of the left

shoulder injury and agreed not to include it in the C & R agreement, citing *Weney v. Workers' Compensation Appeal Board (Mac Sprinkler Systems, Inc.)*, 960 A.2d 949 (Pa.Cmwlth.2008).[1]

The Board affirmed WCJ Callahan's decision, concluding that the evidence did not indicate that the C & R agreement was entered into by a unilateral or mutual mistake. The Board determined that the C & R agreement was final and binding and that the review petition was barred by res judicata. The Board stated that "Claimant [was] attempting to raise a matter through his Review Petition that should have been litigated during the earlier proceedings on the C & R Agreement, pursuant to *Weney*." Board's Opinion at 6. Claimant's appeal to this Court followed.

■ Claimant argues that the C & R agreement should be "corrected" to add the left shoulder injury to the description of his work injuries accepted by Employer. Claimant's Brief at 14. He claims that the left shoulder injury was "erroneously" omitted in the final draft of the agreement. *Id.* He asserts that Employer "routinely" paid medical bills for the left shoulder injury and that it knew that the bills "were causally related to [his] injuries." *Id.* at 12 and 14. Relying on the doctrines of promissory and equitable estoppel, he further argues that Employer should be estopped from refusing to pay the medical bills for the left shoulder injury. He disputes that res judicata applies to this matter, noting that unlike in *Weney*, there was no prior litigation involving a request to amend the description of his

work injuries. Employer states that Claimant flagrantly misrepresents that the left shoulder injury was erroneously omitted in the final draft of the C & R agreement. Employer argues that Claimant was entitled to receive medical benefits only for the injuries described in the C & R agreement as accepted by Employer and that the review petition was barred by res judicata and collateral estoppel.

Section 449(a) and (b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 22 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5(a) and (b), provides in relevant part:

(a) Nothing in this act shall impair the right of the parties interested to compromise and release ... *any and all liability which is claimed to exist* under this act on account of injury or death.

(b) Upon or after filing a petition, the employer or insurer may submit the proposed compromise and release by stipulation signed by both parties to the [WCJ] for approval. The [WCJ] shall consider the petition and the proposed agreement in open hearing and shall render a decision. The [WCJ] shall not approve any compromise and release agreement unless he first determines that the claimant understands the full legal significance of the agreement. The agreement must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses. [Emphasis added.]

---

1. In *Weney*, the claimant's first review petition was resolved by a stipulation, in which the parties agreed to amend the notice of compensation payable to include a shoulder injury. Three days after the WCJ approved the stipulation and granted the review petition, the claimant filed another review petition to amend the notice of compensation payable to add neck or cervical spine injuries. The Court concluded that the second petition was barred by res judicata because the claimant was aware of those injuries and their causal relationship to the work incident during the first review petition proceeding and should have litigated the claim during that proceeding.

In enacting Section 449 of the Act, the legislature intended a C & R agreement to be "on equal footing with civil settlements" in order to promote a public policy of encouraging the parties to settle disputes and bring them to finality. *Stroehmann Bakeries, Inc. v. Workers' Comp. Appeal Bd. (Plouse)*, 768 A.2d 1193, 1196 (Pa. Cmwlth.2001).

Employer's exhibits showed that before the execution of the C & R agreement, Claimant's counsel sent a proposed addendum to the agreement (paragraphs 19 through 25) to Employer's counsel. Paragraph 24 of the proposed addendum stated: "The accepted injury includes a 'closed' head injury, seizure disorder, *left shoulder fracture,* chronic pain, loss of short-term memory and Bipolar Disorder. Defendant agrees to continue to provide medication and medical care, which is reasonable and necessary, and causally related to his injuries." Exhibit D–3; R.R. at 3 (emphasis added). Employer's counsel sent the proposed addendum back to Claimant's counsel after crossing out the injuries of "left shoulder fracture," "chronic pain" and "Bi-polar Disorder" in paragraph 24 and placing a handwritten notation, which stated that "[w]e already negotiated these injuries at time of last 'settlement.'" *Id.;* Supplemental Reproduced Record (S.R.) at 5b. In a letter dated February 27, 2008 that accompanied the proposed addendum sent back to Claimant's counsel with his changes and notation, Employer's counsel further stated: "We previously negotiated the accepted injuries in 2007 and those are the only injuries I will outline on the agreement." *Id.;* S.R. at 3b. The C & R agreement signed by Claimant and Employer described Claimant's injuries accepted by Employer as "a severe closed head injury with seizure disorder and short term memory loss" and omitted the other injuries listed in the proposed addendum. Exhibit D–1; R.R. at 7.

At the March 3, 2008 hearing, Claimant testified that his head injury affected mostly his short-term memory and caused seizures. He was not asked and did not testify as to the left shoulder injury. On direct examination, he testified as follows as to his understanding of the C & R agreement:

Q. Michael, you understand that the gross settlement is $175,000?

A. Yes.

. . . .

Q. Now, they have agreed to continue paying medical expenses, which are reasonable and necessary and causally related to your injury. You understand that?

A. And medicine.

. . . .

Q. And you and I have been discussing this settlement offer for at least a couple of months?

A. Yes.

. . . .

Q. And you signed this final copy today?

A. Yes. And my initials, too.

Q. And those are your initials. But you had the weekend to actually read the agreement and ask me any questions you had?

A. Yes, I did. And I read it more than once . . . .

March 3, 2008 Hearing, Notes of Testimony (N.T.) at 11, 14 and 15; S.R. at 21 b, 24b and 25b. In answering WCJ Kelley's questions, Claimant further testified:

Q. Have you had enough time to review the agreement?

A. Yes, I have.

Q. Were the terms of this agreement explained to you to your satisfaction?

A. Yes.

. . . .

Q. Are you entering into this agreement of your own free will?

A. Yes.

Q. Were you promised anything that's not in this agreement to settle your Workers' Compensation Case?

A. No.

. . . .

Q. . . . . [D]o you understand that if I approve this agreement, once it's approved, you can't go back to the Employer, the insurer, a Judge, anyone and ask for additional payments of wage-loss benefits?

A. Yes, I do.

Q. And do you also understand that's true even if your condition were to worsen or change in any way?

A. Yes.

*Id.* at 16–18; S.R. at 26b–28b.

WCJ Kelley found that Claimant understood the full legal significance of the agreement "as regards [his] work related injury and right to workers' compensation benefits." WCJ Kelley's Finding of Fact No. 4; R.R. at 5. She determined that the parties entered into "a valid and binding agreement." WCJ Kelley's Conclusion of Law No. 5; R.R. at 6.

■ It is well established that a valid C & R agreement, once approved, is final, conclusive and binding on the parties. *Dep't of Labor & Indus., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Ethan–Allen Eldridge Div.)*, 972 A.2d 1268 (Pa.Cmwlth.2009). *Compare McKenna v. Workers' Comp. Appeal Bd. (SSM Indus., Inc.)*, 4 A.3d 211 (Pa.Cmwlth.2010)(holding that the C & R agreement, which was executed by the parties but was not approved by the WCJ, was not a final and binding agreement).

An approved C & R agreement can be set aside only upon a clear showing of fraud, deception, duress, mutual mistake, or unilateral mistake caused by an opposing party's fault. *Farner v. Workers' Comp. Appeal Bd. (Rockwell Int'l)*, 869 A.2d 1075 (Pa.Cmwlth.2005); *Barszczewski v. Workers' Comp. Appeal Bd. (Pathmark Stores, Inc.)*, 860 A.2d 224 (Pa.Cmwlth.2004); *N. Penn Sanitation, Inc. v. Workers' Comp. Appeal Bd. (Dillard)*, 850 A.2d 795 (Pa. Cmwlth.2004). After negotiations with Employer, Claimant agreed to omit the left shoulder injury from the description of his injuries accepted by Employer in the C & R agreement. The record simply does not support Claimant's assertion that the left shoulder injury was erroneously omitted in the final draft of the C & R agreement. The C & R agreement was final and binding on the parties and may not be amended after its unappealed approval.

■ Once a C & R agreement is approved, any issue which was not expressly reserved in the agreement may not be raised later. *Dep't of Labor & Indus., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (U.S. Food Serv.)*, 932 A.2d 309 (Pa.Cmwlth.2007). *See also Lance v. Mann*, 360 Pa. 26, 28, 60 A.2d 35, 36 (1948)(applying the merger doctrine to hold that "judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised"); *Smith v. I.W. Levin & Co.*, 800 A.2d 374 (Pa.Cmwlth.2002)(holding that the right to recover alleged in the complaint was conclusively settled between the parties upon approval of the stipulation and its incorporation in the judgment). Because Claimant did not expressly reserve his right to add a new injury to the description of his work injuries, he was precluded from doing so more than two years after the approval of the C & R agreement.

Claimant further argues that the description of the "injury" in the C & R agreement as "any and all injuries" sustained at Employer's workplace indicates the parties' intention to include the left shoulder injury in his injuries accepted by Employer. In support, he relies on the contract construction rule that the intention of the parties must be ascertained from the document itself if its terms are clear and unambiguous. *See Sun Co. (R & M) v. Pa. Turnpike Comm'n*, 708 A.2d 875 (Pa.Cmwlth.1998). Employer did not accept its liability for the left shoulder injury in the notice of compensation payable or in any agreement, and specifically refused to include it as part of the C & R. Nor was there any prior decision finding Employer liable for that injury.

We also find Claimant's reliance on the doctrines of promissory and equitable estoppel to be inapposite. Promissory estoppel may be invoked to enforce a promise made by a party to an opposing party when there is no enforceable agreement between the parties. *Crouse v. Cyclops Indus.*, 560 Pa. 394, 745 A.2d 606 (2000). In order to maintain an action in promissory estoppel, the aggrieved party must show that (1) the promisor made a promise that he or she should have reasonably expected to induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise. *Id.* The essential elements of equitable estoppel are the party's inducement of the other party to believe certain facts to exist and the other party's reliance on that belief to act. *Westinghouse Elec. Corp./CBS v. Workers' Comp. Appeal Bd. (Korach)*, 584 Pa. 411, 883 A.2d 579 (2005).

In the absence of "expressly proved fraud, there can be no estoppel based on the acts or conduct of the party sought to be estopped, where they are as consistent with honest purpose and with absence of negligence as with their opposites." *Westinghouse*, 584 Pa. at 423, 883 A.2d at 586 [quoting *In re Estate of Tallarico*, 425 Pa. 280, 288, 228 A.2d 736, 741 (1967) ]. A party invoking the doctrines of promissory and equitable estoppel has the burden of establishing all the elements of the doctrines. *Id.; Thatcher's Drug Store of W. Goshen, Inc. v. Consol. Supermarkets, Inc.*, 535 Pa. 469, 636 A.2d 156 (1994).

Nothing in the record suggests that Employer promised to continue to pay medical bills for the left shoulder injury and that Claimant relied on such promise to enter into the C & R agreement. The record instead demonstrates that he negotiated the extent of his work injuries with Employer and ultimately agreed to omit the left shoulder injury in the agreement. Claimant cannot rely on Employer's voluntary payment of the medical bills for the left shoulder injury to support his estoppel claims. As the Court has consistently held, an employer's voluntary medical payment does not constitute an admission of liability for an injury. *Securitas Sec. Servs. USA, Inc. v. Workers' Comp. Appeal Bd. (Schuh)*, 16 A.3d 1221 (Pa. Cmwlth.2011); *Findlay Twp. v. Workers' Comp. Appeal Bd. (Phillis)*, 996 A.2d 1111 (Pa.Cmwlth.2010). To hold otherwise would be contrary to the Act's policy of encouraging employers to voluntarily pay medical expenses to injured employees to assist them in regaining health without fear of being later penalized for the payment. *Bellefonte Area Sch. Dist. v. Workmen's Comp. Appeal Bd. (Morgan)*, 156 Pa.Cmwlth. 304, 627 A.2d 250, 254 (1993), *aff'd*, 545 Pa. 70, 680 A.2d 823 (1994). Employer's voluntary payment of medical expenses was not an admission of its liability for the left shoulder injury and cannot

be construed as a promise to continue to make such payment.

In conclusion, Claimant's review petition was barred by the final and binding C & R agreement.[2] Because the review petition and the penalty petition were properly denied, the order of the Board is affirmed.

### ORDER

AND NOW, this 30th day of January, 2013, the order of the Workers' Compensation Appeal Board in the above-captioned matter is AFFIRMED.

2. Accordingly, we need not address Claimant's res judicata argument. *See McWreath v. Dep't of Pub. Welfare*, 26 A.3d 1251 (Pa.Cmwlth.2011)(holding that the Court may affirm the lower tribunal's order if the lower tribunal reached a correct result, although the basis for the decision is not entirely correct).