# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darren Borrelli,                                           :
                          Petitioner             :
                                                              :    No. 188 C.D. 2024
                          v.                        :
                                                              :    Submitted:  December 9, 2024
Interstate Gas Supply, Inc. (Workers'         :
Compensation Appeal Board),               :
                          Respondent           :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
                     HONORABLE LORI A. DUMAS, Judge
                     HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                      **FILED:  February 24, 2025**

Darren Borrelli (Petitioner) has petitioned this Court to review an adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ) to terminate Petitioner's benefits after the approval of a compromise and release agreement (C&R Agreement) executed by Petitioner and his employer, Interstate Gas Supply, Inc. (Employer).  After careful review, we affirm.

## I. BACKGROUND[1]

On March 7, 2019, Petitioner suffered work-related injuries when he slipped and fell on ice while working for Employer as a door-to-door salesman.

---

[1] Unless otherwise stated, we derive this background from the WCJ's decision, which is supported by substantial evidence.  *See* WCJ Dec., 6/14/23; *see also* Bd.'s Op. & Order, 2/21/24.

Petitioner returned to work the following day.  He received indemnity and medical benefits for his injuries.  *See* Am. Notice Comp. Payable (NCP), 9/3/21 (recognizing "multiple injuries to multiple body parts," including a soft tissue head injury).

On July 22, 2021, Employer filed a termination petition, asserting that Petitioner had fully recovered from his head injury by March 18, 2021.  Thereafter, Petitioner filed claim and review petitions, seeking clarification of the injuries covered by his benefits and alleging that prior descriptions of his injuries were overly broad.[2]

However, Petitioner later amended these petitions to request approval of a compromise and release (C&R) agreement with Employer.  Pursuant to this agreement and in exchange for a one-time, lump sum payment of $90,000, Petitioner resolved all issues related to the nature of his injuries and any further non-medical benefits.  Regarding medical benefits, paragraph 4 of the C&R Agreement provided:

> [Petitioner] . . . sustained a work injury on March 7, 2019, while he was working for [Employer], in the nature of a soft tissue head injury.  This [C&R Agreement] resolves all present and future claims/issues arising out of the 03/07/2019 work injury, including sequela, under the Pennsylvania Workers' Compensation Act ("Act"),[3] other than the issues raised in the litigated [t]ermination [p]etition.  This [C&R] Agreement is not limited to the 03/07/2019 work injury date but resolves any and all work injury dates that were or may have been sustained during [Petitioner's] employment, alleged or not, claimed or no[t], whether still open or not.

C&R Agreement, 9/13/22, at 1; WCJ Dec., 6/14/23, at 3-4; WCJ Dec., 9/16/22, at 5.

---

[2] In his claim and review petitions, Petitioner referenced a prior notice of compensation payable (NCP), issued May 29, 2019, which merely identified "multiple physical injuries."  Claim & Rev. Pets., 12/6/21.  This NCP does not appear in the certified record.

[3] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1-1041.4, 2501-2710.

On September 14, 2022, a WCJ held a hearing to review the C&R Agreement. At that hearing, and with the benefit of counsel, Petitioner affirmed that he understood the legal significance of the C&R Agreement, that he was withdrawing the claim and review petitions, and that he agreed to litigate the termination petition. Petitioner also specifically agreed that medical expenses related to "knee issues" would be paid by Employer up to the date of the hearing. Following a thorough colloquy, the C&R Agreement was approved.

In support of its termination petition, Employer presented the testimony of Dr. Scott Naftulin, who examined Petitioner and concluded that Petitioner had completely recovered from his soft tissue head injury as of March 18, 2021. This testimony was uncontradicted and deemed credible.[4] Accordingly, the WCJ concluded that Employer had sustained its burden of proving that Petitioner's work-related disability had ceased, and that Employer's contest was reasonable. The WCJ granted the termination petition and denied Petitioner fees and costs.

Petitioner timely appealed to the Board, which affirmed. Petitioner then timely appealed to this Court.

## II. ISSUES

Essentially, Petitioner raises two issues on appeal.[5] Despite a lengthy brief detailing numerous alleged errors committed by the WCJ and the Board, the

---

[4] The parties also introduced evidence relevant to Petitioner's ongoing knee issues. *See generally* WCJ Dec., 6/14/23. Specifically, Petitioner introduced a report from his expert, Dr. Kenneth Brislin, who concluded that the knee injuries were consistent with a slip and fall on ice. *See id.* at 10. However, Dr. Scott Naftulin opined that any residual issues with Petitioner's left knee were unrelated to the March 7, 2019 incident. *See id.* at 6-7.

[5] Petitioner asserts other errors from the WCJ and the Board in granting the termination petition that we do not consider because the C&R Agreement precludes litigation on those issues. Specifically, Petitioner asserts that the WCJ and the Board failed to adequately consider and properly credit evidence related to his left knee, such as evidence showing conflicts in medical

3

basic premise of Petitioner's arguments to this Court is that the C&R Agreement should not preclude him from expanding the description of his injuries to include an injury to his left knee. *See generally* Pet'r's Br. Additionally, Petitioner seeks attorney's fees and costs. *See* Pet'r's Br. at 4-5, 71-73.

### III. DISCUSSION[6]

### A. Preclusive Effect of the C&R Agreement

Petitioner challenges the preclusive effect of the C&R Agreement. *See* Pet'r's Br. at 26-53. Rather, according to Petitioner, he should be permitted to expand the scope of his injuries while defending Employer's termination petition. *See id.* Pointing to evidence suggesting that his left knee remains symptomatic, Petitioner maintains that the Board erred in affirming the WCJ's grant of the termination petition. *See id.* at 48. In response, Employer contends that the C&R Agreement is binding and that it precludes Petitioner from re-litigating the injury after the Agreement has been approved. *See generally* Employer's Br. (citing, *e.g.*, *DePue v. Workers' Comp. Appeal Bd. (N. Paone Constr., Inc.)*, 61 A.3d 1062 (Pa. Cmwlth. 2013)).

---

testimony regarding his left knee. *See* Pet'r's Br. at 3-4, 26-71. Petitioner bases this claim on the NCP, which he asserts identifies "multiple injuries to multiple body parts," including his left knee. *See id.* at 26-40. However, the left knee injury is not relevant to this case, as it was not recognized as an accepted injury in the C&R Agreement. *See* C&R Agreement, 9/13/22; WCJ Dec., 6/14/23; WCJ Dec., 9/16/22. The NCP predated the C&R Agreement, which thereafter resolved all issues listed in the NCP and other claim petitions. *See* C&R Agreement, 9/13/22, at 1. Therefore, we cannot consider arguments regarding the knee injury, as the C&R Agreement precludes further litigation on this matter. *See id.*

[6] This Court's review is limited to determining whether there has been a violation of constitutional rights, errors of law, or a violation of Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh Cnty. Vo-Tech Sch. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 652 A.2d 797 (Pa. 1995); *Coyne Textile v. Workers' Comp. Appeal Bd. (Voorhis)*, 840 A.2d 372, 375 (Pa. Cmwlth. 2003).

Section 449 of the Act[7] governs the C&R of workers' compensation claims and provides that parties may settle "any and all liability" under the Act. 77 P.S. § 1000.5(a). To be valid, C&R agreements must be in writing and duly executed and approved by a WCJ, with confirmation under oath that the petitioner understands the full legal significance of the agreement. *Id.* at § 1000.5(b) & (c).[8] C&R agreements were intended by the legislature to be "on equal footing with civil settlements, which are based on a public policy that encourages settlements and stresses finality." *Stroehmann Bakeries, Inc. v. Workers' Comp. Appeal Bd. (Plouse)*, 768 A.2d 1193, 1196 (Pa. Cmwlth. 2001). Once approved, a valid C&R agreement is final, conclusive, and binding on the parties, barring any issues not expressly reserved.[9] *DePue*, 61 A.3d at 1067; *see also Dep't of Lab. & Indus., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (Ethan-Allen Eldridge Div.)*, 972 A.2d 1268, 1271 n.2 (Pa. Cmwlth. 2009); *Dep't of Labor & Indus., Bureau of Workers' Comp. v. Workers' Comp. Appeal Bd. (U.S. Food Serv.)*, 932 A.2d 309 (Pa. Cmwlth. 2007).

In *DePue*, for example, the claimant (DePue) sustained a work-related head injury and received disability benefits from his employer. *DePue*, 61 A.3d at 1064. DePue and his employer entered into a C&R agreement that resolved all injuries related to the work injury, including the accepted head injury. *Id.* Later, DePue filed a review petition, alleging his left shoulder injury had been erroneously

---

[7] Added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5.

[8] Similarly, 34 Pa. Code § 131.57 provides that "parties may engage in a compromise and release of any and all liability which is claimed to exist under the [A]ct on account of injury or death, subject to approval by the judge after consideration at a hearing."

[9] Courts may rescind a C&R agreement based on a clear showing of fraud, deception, duress, or mutual mistake. *Hoang v. Workers' Comp. Appeal. Bd. (Howmet Aluminum Casting, Inc.)*, 51 A.3d 905, 908 (Pa. Cmwlth. 2012). However, there is no evidence that, and Petitioner did not allege that, fraud, deception, duress, or mutual mistake occurred. *See generally* Pet'r's Br.

excluded from the C&R agreement. *Id.* at 1065. However, the WCJ and the Board rejected this claim, recognizing that DePue had not reserved any claim regarding his left shoulder injury or any right to amend the injury description, nor was there evidence that the left shoulder injury was mistakenly omitted from the C&R agreement. *Id.* at 1067. As a result, the Board denied DePue's review petition to include the left shoulder injury, and this Court affirmed, holding that the C&R agreement precluded further litigation over unreserved injuries. *Id.* at 1069.

The circumstances here are analogous to *DePue*. Similarly, Petitioner initially filed claim and review petitions asserting injuries to his left knee but later amended them into a single petition seeking C&R agreement approval without reserving the right to litigate the left knee issues. *See* WCJ's Dec., 6/14/23; C&R Agreement, 9/13/22, at 1, 3. This left only the termination petition, where the sole issue was whether Petitioner had recovered from the accepted soft tissue head injury. *See* WCJ's Dec., 6/14/23; Termination Pet., 7/22/21.

Petitioner does not dispute his full recovery from the head injury, stating, "[Petitioner] did not dispute that he was fully recovered from a soft tissue head injury, presented no evidence that he was not fully recovered from a soft tissue head injury, and made no argument that he was not recovered from a soft tissue head injury." *See* Pet'r's Br. at 49. Further, Petitioner's expert, Dr. Kenneth Brislin, did not present medical evidence addressing the soft tissue head injury but focused entirely on the unrelated issues of Petitioner's left knee. *See* Medical Report of Kenneth Brislin, M.D., 1/17/23 (Dr. Brislin's Report); WCJ's Dec., 6/14/23. Because the C&R Agreement limits the scope of compensable injuries to the soft tissue head injury, and Petitioner does not contest his recovery from that injury, the

6

termination petition was properly granted. *See Benson v. Workers' Comp. Appeal Bd. (Haverford State Hosp.)*, 688 A.2d at 247; *DePue,* 61 A.3d at 1067-69.

## B. Attorney's Fees and Costs

Petitioner argues that the WCJ and the Board erred in denying attorney's fees and costs under *Lorino v. Workers' Compensation Appeal Board, (Commonwealth of Pennsylvania)*, 266 A.3d 487 (Pa. 2021). *See* Pet'r's Br. at 71-72. Petitioner asserts that the WCJ and the Board failed to properly consider evidence related to his left knee injury, rendering their decisions "unreasoned." *Id.* at 71-73. He further claims entitlement to reimbursement for $2,000 incurred by his counsel in obtaining the narrative report of Dr. Kenneth Brislin, which Petitioner avers was ignored despite being requested by the WCJ. *Id.* at 72-73.

Section 440 of the Act provides that an employee is entitled to a reasonable sum for litigation costs if the case is resolved *in their favor*. 77 P.S. § 996(a);[10] *see also Lorino*, 266 A.3d at 494 (finding that fees must be awarded when the employee prevails). However, there is no basis for an award of attorney's fees and costs when the employee is not successful. *See Mercer v. Active Radiator MPN, Inc. (Workers' Comp. Appeal Bd.)*, 317 A.3d 681, 706 (Pa. Cmwlth. 2024) (quoting *Lawhorne v. Lutron Elecs. Co. (Workers' Comp. Appeal Bd.)*, 284 A.3d 239, 244 (Pa. Cmwlth. 2022), that an employee "must prevail on the contested issue in order to be awarded litigation costs").

---

[10] Specifically, it states:

> In any contested case . . . the employe . . . in whose favor the matter at issue has been finally determined in whole or in part shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings . . . ."

Section 440 of the Act, added by Act of February 8, 1972, P.L. 25, 77 P.S. § 996(a).

Petitioner has not prevailed here. The evidence and arguments related to his left knee injury were properly deemed irrelevant under the terms of the C&R Agreement, which resolved all claims except the termination petition regarding the soft tissue head injury. *See* WCJ Dec., 6/14/23; C&R Agreement, 9/13/22. Petitioner did not contest his recovery from the head injury, and the termination petition was granted on that uncontested basis. *See* WCJ Dec., 6/14/23; *see also* Pet'r's Br. at 49. While *Lorino* establishes the right to recover costs in cases decided in the employee's favor, it does not override the statutory requirement that recovery hinges on prevailing in the litigation. 266 A.3d at 494. As such, Employer is not bound to pay Petitioner's litigation costs. *See Mercer*, 317 A.3d at 706; *Lawhorne*, 284 A.3d at 244. Additionally, Petitioner's claim for reimbursement of costs related to Dr. Kenneth Brislin's narrative report is similarly unavailing. The report addressed the excluded left knee injury rather than the accepted head injury, rendering it irrelevant to the termination petition. *See* Dr. Brislin's Report. Without relevance to the litigation, *i.e.*, the termination petition regarding the soft tissue head injury, the narrative report provides no basis for an award of attorney's fees or costs under Section 440 of the Act. 77 P.S. § 996(a); *see also Mercer*, 317 A.3d at 706; *Lawhorne*, 284 A.3d at 244.

Accordingly, because Petitioner did not prevail in the litigation, there is no basis for awarding attorney's fees and costs under Section 440 or *Lorino*, 266 A.3d 487. *See Mercer*, 317 A.3d at 706; *Lawhorne*, 284 A.3d at 244.

## IV. CONCLUSION

The Board properly affirmed the WCJ's grant of Employer's termination petition declaring that Petitioner's injuries related to the March 7, 2019 work injury were resolved. *Benson*, 688 A.2d at 247. Petitioner is precluded from

8

expanding the injuries agreed to under the C&R Agreement. *DePue,* 61 A.3d at 1067-69. Additionally, the Board properly affirmed the denial of attorney's fees and costs. *Lorino*, 266 A.3d at 494; *Mercer*, 317 A.3d at 706; *Lawhorne*, 284 A.3d at 244.

For these reasons, we affirm.

_____
**LORI A. DUMAS, Judge**

Judge Wallace concurs in result only.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darren Borrelli, :
               Petitioner :
                : No. 188 C.D. 2024
         v. :
                :
Interstate Gas Supply, Inc. (Workers' :
Compensation Appeal Board), :
             Respondent :

## O R D E R

AND NOW, this 24th day of February, 2025, the order of the Workers'

Compensation Appeal Board, entered February 21, 2024, is AFFIRMED.

_____

**LORI A. DUMAS, Judge**