**COYNE TEXTILE, Petitioner**

**v.**

**WORKERS' COMPENSATION APPEAL BOARD (VOORHIS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 25, 2003.

Decided Oct. 20, 2003.

Publication Ordered Jan. 14, 2004.

William M. Conwell, Pittsburgh, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: COLINS, President Judge, LEAVITT, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

Coyne Textile (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed an order of a Workers' Compensation Judge (WCJ) dismissing Employer's Petition to Terminate Benefits under the Pennsylvania Workers' Compensation Act (Act)[1] as moot, and dismissing the Challenge Petition of Harry Voorhis (Claimant) as moot. We reverse and remand.

On June 4, 1998, Claimant sustained an injury in the nature of a cervical strain, while in the course and scope of his work for Employer. Benefits under the Act were thereafter paid to Claimant pursuant to a Notice of Temporary Compensation Payable, which was later converted into a Notice of Compensation Payable (NCP).

On June 22, 1999, Claimant attempted to return to work for Employer. On June 23, 1999, Employer sought to secure a unilateral cessation of Claimant's benefits by filing a Notification of Suspension or Modification (Suspension Petition) pursuant to Section 413 of the Act.[2] Employer therein alleged that Claimant had returned to work without an earnings loss on June 22, 1999, and included with its filing an accompanying affidavit of return to work.

On July 27, 1999, Claimant aborted his attempted return to work due to an alleged lack of recovery. Claimant thereafter filed a Claim Petition, subsequently treated as a Petition to Reinstate Benefits (Reinstatement Petition), seeking the reinstatement of his benefits under the Act as of July 27, 1999. Claimant further filed a Review Petition (Review Petition) seeking to amend the NCP by establishing further injuries beyond those accepted therein.

On August 31, 1999, Employer filed a Petition to Terminate Benefits (Termination Petition), alleging that Claimant had fully recovered from his work-related injuries based on an examination performed by Employer's physician. Claimant thereafter filed an Answer to Employer's Termination Petition, denying the material allegations therein.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4; 2501–2626.

2. Section 413 of the Act, 77 P.S. § 772, authorizes a WCJ to, *inter alia*, suspend or terminate a notice of compensation payable at any time upon petition filed by either party, and upon proof that the disability of an injured employee has decreased or has temporarily or finally ceased.

On September 1, 1999, Claimant filed a Challenge Petition, challenging Employer's June 23, 1999, Suspension Petition.[3] Thereafter, the Reinstatement, Review, Termination, and Challenge Petitions were consolidated, and hearings thereon ensued before the WCJ. At those hearings both parties presented evidence and testimony on their respective petitions.

During the pendency of the proceedings before the WCJ, but prior to their conclusion, Employer and Claimant entered into a Compromise and Release Agreement (C & R) agreeing to settle all future compensation in this case pursuant to Section 449 of the Act.[4] The parties thereafter petitioned the WCJ for approval of the C & R.

By decision and order dated August 22, 2000, the WCJ approved the parties' C & R concluding, in relevant part, that the C & R provided for the discontinuance and withdrawal of the Reinstatement Petition and Review Petition. The WCJ further concluded that, by the express terms of the C & R, the Termination and Challenge Petitions were to remain open to be subsequently adjudicated by the WCJ after approval of the C & R.

Thereafter, another hearing before the WCJ was held to address the Termination and Challenge Petitions. By Decision and Order dated February 8, 2001, the WCJ denied and dismissed as moot the two Petitions before him, concluding that "all issues in the underlying petitions are deemed fully disposed of" by the C & R. The WCJ noted that the sole reason for Employer's request that the Termination and Challenge Petitions be adjudicated after the C & R was approved was to potentially secure an alleged overpayment reimbursement from the supersedeas fund for benefits previously paid to Claimant. The WCJ cited, as support for his dismissal of the Petitions as moot, to *Stroehmann Bakeries, Inc. v. Workers' Compensation Appeal Board (Plouse)*, 768 A.2d 1193 (Pa. Cmwlth.2001), which held in relevant part that the dismissal of petitions adjudicated in the wake of a compromise and release approval may be justified where the post-compromise and release adjudicative motive is an employer's potential supersedeas recovery.

Employer timely appealed the WCJ's order to the Board, which heard the matter without receiving additional evidence. Employer argued to the Board, in relevant part, that this Court's precedent in *Bethlehem Structural Products v. Workers' Compensation Appeal Board (Vernon)*, 789 A.2d 767 (Pa.Cmwlth.2001),[5] held that a compromise and release agreement that expressly settled an employer's liability to a claimant from the date of the agreement into the future was an invalid basis upon which to quash the employer's petition for review which sought to recalculate the benefits owed to the claimant prior to the effective date of the compromise and release. Employer further argued that,

---

**3.** We note that, although Claimant failed to timely challenge Employer's Suspension Petition within the twenty days allowed therefore under the Act, in the subsequent proceedings the WCJ excused Claimant's late filing based upon a finding that Employer's Suspension Petition pursuant to Section 413 was filed in bad faith due to Employer's failure to serve the same upon Claimant's counsel of record. The WCJ's acceptance of Claimant's Challenge Petition is not at issue in the instant matter.

**4.** Section 449 of the Act, added by the Act of June 24, 1996, P.L. 350, 77 *P.S. 1000.5*, allows parties, upon approval granted by a WCJ, to settle claims under the Act via a compromise and release of an employer from liability for a claim due to a work-related injury or death.

**5.** *Petition for allowance of appeal denied*, 568 Pa. 706, 796 A.2d 986 (2002).

while the compromise and release agreement in *Bethlehem Structural Products* expressly reserved that issue for future adjudication, and expressly stated as a goal supersedeas reimbursement for previously paid benefits, the WCJ in the instant matter failed to address or discuss that case law as it applied to the instant facts. Employer further noted that the C & R at issue *sub judice* also expressly reserved future adjudication of the Termination and Challenge Petitions, and also sought supersedeas reimbursement for payments made to Claimant prior to the effective date of the C & R.

By order dated November 26, 2002, the Board affirmed the WCJ's order dismissing as moot the Termination and Challenge Petitions, citing the *Stroehmann* language regarding an employer's supersedeas reimbursement motive, and distinguishing the facts of *Bethlehem Structural Products* from those of the instant matter without discussion or analysis thereof. Employer timely petitioned this Court for review of the Board's order of November 26, 2002.

On December 31, 2002, Employer filed a Petition for Rehearing and/or Reconsideration with the Board. Employer further filed, with this Court, a Petition to Stay its prior Petition for Review of the Board's order of November 26, 2002, pending the resolution by the Board of Employer's Petition for Rehearing and/or Reconsideration. By order dated January 2, 2003, this Court granted Employer's Petition to Stay pending the Board's resolution of the Petition for Rehearing and/or Reconsideration.

By Order dated March 13, 2003, the Board denied Employer's Petition for Rehearing and/or Reconsideration. By order of this Court dated March 26, 2003, the

prior stay of Employer's Petition for Review of the Board's order of December 26, 2002, was vacated.[6]

■ This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of Board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995).

Employer presents two issues for our review: whether the Board erred as a matter of law in concluding that the C & R entered into by the parties resolved all issues of liability in the instant matter; and whether the Board erred as a matter of law in concluding that Employer would not be entitled to supersedeas reimbursement even if the matter were remanded for proceedings on the Termination and Challenge Petitions, due to the Board's misinterpretation of the period for which Employer sought reimbursement.

Upon review of our two recent precedents addressing compromise and release agreements in relation to subsequent supersedeas reimbursement proceedings, it is clear that the facts of *Bethlehem Structural Products* more closely parallel the instant facts than do those of *Stroehmann*.

In *Stroehmann*, the employer issued an NCP recognizing a work-related injury by the claimant, and began paying benefits thereunder pursuant to the Act. Approximately one year later, the employer filed a Termination Petition alleging that the claimant had fully recovered from his injuries. Hearings were subsequently begun

---

**6.** We note that, on April 14, 2003, Claimant filed a Notice of Non–Participation with this Court in response to Employer's Petition for Review. Thus, this matter will be considered solely upon Employer's brief and the record of proceedings below.

before a WCJ, but the parties entered into a compromise and release agreement in which the claimant accepted a lump sum payment in exchange for the release of all liability on the part of the employer for all wage loss and/or medical benefits arising out of the original injury. Notwithstanding the WCJ's approval of the compromise and release, the employer requested that the WCJ still issue an opinion and order in the case based upon the medical evidence of record theretofore entered by the employer. In the prior uncompleted proceedings, however, the claimant had entered no evidence before the WCJ opposing the employer's evidence of recovery. The employer stated that its request for a decision and order was motivated by its intent to seek supersedeas reimbursement for previous benefits paid to the claimant. The WCJ dismissed the petitions before it as moot, concluding that the compromise and release controlled and resolved the issue of all wage loss and benefits arising out of the original injury. On appeal, the Board affirmed, noting that the employer should not be permitted to constructively amend the compromise and release agreement by attempting to continue the litigation settled thereby.

Upon the employer's petition to this Court for review of the Board's order in *Stroehmann,* we cited to employer's motive for supersedeas reimbursement, and affirmed the Board's conclusion that the issue in the employer's Termination Petition—namely, claimant's alleged full recovery from his work-related injury—was the same issue settled in the parties' compromise and release. Accordingly, we affirmed the Board's order.

In *Bethlehem Structural Products* we again addressed a compromise and release agreement in the context of an employer's request for adjudication of a review petition following the parties' signing, and subsequent approval, of the agreement. The compromise and release agreement in *Bethlehem Structural Products,* however, contained an express provision that the employer would not withdraw its appeal to the Board on the issue of the correct calculation of the claimant's average weekly wage so that employer's right to supersedeas reimbursement for previously paid benefits would remain unimpaired. Further, that compromise and release agreement expressly provided that the agreement fixed a lump sum payment intended solely to resolve only *future* liability for benefits and medical costs arising from the work-related injury. Holding that the compromise and release agreement did not resolve the issue of the benefits due and owing under the NCP at issue prior to the express effective date of the compromise and release agreement, we denied the claimant's motion to quash the employer's petition for review on that issue.

Applying the facts at bar to these two cases, it is clear that *Bethlehem Structural Products,* and not *Stroehmann Bakeries,* is more factually similar to the instant dispute, and is therefore more persuasive towards the instant disposition. Further, *Stroehmann's* motive-based holding is inapplicable to the instant facts, as the C & R at issue in the case before us expressly contemplated future adjudication of supersedeas reimbursement, and Employer's attempts to pursue that adjudication cannot be seen as an attempt to amend the C & R unilaterally after the C & R's execution and approval.

In the matter before us, the C & R entered into by Claimant and Employer, and approved by the WCJ provides:

Upon approval of the Compromise and Release Agreement by [the WCJ], the [C]laimant will receive a total of $17,500 to fully and finally settle any entitlement

for indemnity and medical benefits *from August 16, 2000 into the future.*

Specifically, the parties acknowledge that this Compromise and Release Agreement does not adjudicate the issues raised by [Claimant's Challenge Petition], filed in response to the [Suspension Petition] filed by the [E]mployer on June 23, 1999. *Those issues will be decided by the [WCJ] based on the evidence of record already submitted by the parties.*

Reproduced Record (R.R.) at 36a (emphasis provided).

In his first Opinion and Order in this matter approving the C & R, the WCJ expressly reserved for future adjudication both Employee's Challenge Petition and Employer's Termination Petition. WCJ Opinion dated August 25, 2000, at 2. Claimant's Challenge Petition challenges Employer's assertion of its right to suspend or modify Claimant's benefits as of June 22, 1999. *See* Original Record (O.R.), Employee Challenge Petition. Employer's Termination Petition alleges that Claimant was fully recovered as of May 5, 1999. *See* O.R., Termination Petition. On its face, it is clear and without any trace of ambiguity that the C & R settled only the issue of potential Employer liability "from August 16, 2000 into the future". R.R. at 36a. As such, the instant C & R did not dispose of the issue of compensation and/or benefits due to Claimant from Employer for the period prior to August 16, 2000.

█ Such an express reservation of this particular issue, when further defined within a time frame that is expressly excluded from the C & R, serves to render *Stroehmann Bakeries* distinguishable from, and unpersuasive towards, the instant matter. Employer's stated motive of

seeking supersedeas reimbursement in its reservation of a right to adjudicate the Termination and Challenge Petitions, when coupled with the C & R's express time frame making it applicable to liability only beyond the date at issue in those Petitions, does not serve to render the issues in those Petitions moot, and the Board erred in affirming on that basis. *Bethlehem Structural Products.*

Accordingly, we reverse the Board's order, and remand this case for ongoing proceedings on Employer's Termination Petition and Claimant's Challenge Petition in accordance with the foregoing opinion.[7]

### ORDER

AND NOW, this 20th day of October, 2003, the order of the Workers' Compensation Appeal Board dated November 26, 2002, at A01–0670, is reversed, and the above-captioned matter is remanded for further proceedings in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

7. In light of our disposition of Employer's first issue in this matter, we need not address its second issue concerning the Board's dicta regarding Employer's potential entitlement to supersedeas reimbursement for the period described by the Board.