**Patrick McKENNA, Petitioner**

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (SSM INDUSTRIES,
INC. and LIBERTY MUTUAL IN-
SURANCE CO.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 16, 2010.

Decided Aug. 18, 2010.

Michael V. Tinari, Philadelphia, for peti-
tioner.

William F. Sweeney, Philadelphia, for
respondent, SSM Industries, Inc.

BEFORE: COHN JUBELIRER,
Judge, and BROBSON, Judge, and
FRIEDMAN, Senior Judge.

OPINION BY Senior Judge
FRIEDMAN.

Patrick McKenna (Claimant) petitions
for review of the February 23, 2010, order
of the Workers' Compensation Appeal
Board (WCAB), which reversed the deci-
sion of a workers' compensation judge
(WCJ) granting Claimant's penalty peti-
tion. We affirm.

Turner Construction Company (Turner)
is a general contractor that had sub-con-
tracted with SSM Industries, Inc. (Em-
ployer) for the performance of certain
work. In connection therewith, Turner
purchased workers' compensation insur-
ance coverage for Employer's employees.
(WCJ's Findings of Fact, No. 7.)

Claimant worked for Employer under
Employer's sub-contract with Turner.
However, on April 15, 2004, Claimant was
injured on the job. Employer ultimately
accepted the injury as work-related, but
Employer subsequently filed a modifica-
tion petition. (WCJ's Findings of Fact,
Nos. 1–3.)

The parties mediated the modification
petition, resolved the matter and signed a
Compromise and Release (C & R) Agree-
ment. During mediation, Claimant agreed
to resign from his position with Employer.
(R.R. at 88a, 90a.) Employer then re-
quested a C & R hearing. (WCJ's Find-
ings of Fact, Nos. 3–4.) However, counsel

for Employer, after executing the C & R Agreement on behalf of Employer, spoke with a Turner representative, who directed counsel not to proceed with the C & R hearing unless Claimant agreed not to seek re-employment with Turner. (R.R. at 5a, 30a–31a.)

At the C & R hearing, counsel for Employer informed the WCJ that the C & R hearing would . not go forward unless Claimant signed an agreement stating that he would resign from his employment and would not seek re-employment with Turner.[1] (R.R. at 5a.) Counsel stated that, if Claimant did not agree to those terms, Employer would proceed on its modification petition. Claimant refused to agree that he would not seek re-employment with Turner because such an agreement would effectively preclude Claimant from doing construction work in Philadelphia. As a result, the C & R hearing did not go forward. (WCJ's Findings of Fact, Nos. 16–18.)

Claimant filed a penalty petition,[2] and a hearing was scheduled on the matter for March 5, 2008. (WCJ's Findings of Fact, No. 24.) Based on the evidence presented at the hearing, the WCJ concluded that: (1) Employer violated the workers' compensation statute by refusing to proceed with the C & R hearing after executing the C & R Agreement; (2) Employer violated the statute by failing to join Turner as a party; and (3) Employer violated 34 Pa. Code § 131.13(d)(1) by failing to request a continuance after deciding not to proceed with the C & R hearing.[3] (WCJ's Conclusions of Law, Nos. 2–4.) The WCJ granted Claimant's penalty petition and imposed a 50% penalty upon Employer for its unreasonable delay of the C & R hearing and approval of the C & R Agreement.[4] (WCJ's Conclusions of Law, No. 5.) The WCJ also awarded Claimant attorney fees for Employer's unreasonable contest of the penalty petition. (WCJ's Conclusions of Law, No. 7.)

Employer appealed to the WCAB, which reversed. The WCAB stated that Claimant failed to establish that Employer violated the statute. The WCAB explained that: (1) the statute does not mandate settlements or provide for penalties when negotiations break down and a settlement is not reached; (2) Claimant and Employer could not reach an agreement regarding whether, in addition to resigning from his position with Employer, Claimant could seek re-employment with Turner; and, (3) therefore, Employer withdrew its petition for approval of the C & R Agreement. The WCAB stated in a footnote:

---

1. Initially, counsel argued that, in requiring this modification of the C & R Agreement, he and his firm represented Turner, not Employer. (WCJ's Findings of Fact, Nos. 7–8.) However, counsel later conceded that he also represented Employer. (R.R. at 25a–26a, 29a.)

2. After Claimant filed the penalty petition, Employer indicated that it was willing to go forward with a C & R hearing. Thus, another hearing was scheduled for January 8, 2008. Employer agreed to the C & R Agreement at that time, and the WCJ approved it after Claimant testified. Employer did not require that Claimant resign from his position with Employer or that Claimant not seek re-employment with Turner. (WCJ's Findings of Fact, Nos. 22–23.)

3. The regulation at 34 Pa.Code § 131.13(d)(1) provides, in relevant part, that requests for a continuance shall be made in writing or at a hearing.

4. Section 435(d)(i) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by section 3 of the Act of February 8, 1972, P.L. 25, *as amended*, 77 P.S. § 991(d)(i), authorizes a WCJ to impose a 50% penalty for violations of the Act or the rules and regulations which cause unreasonable delay.

The [WCJ] additionally found that [Employer] violated the Act by creating the need for a continuance, but failing to submit a request for continuance in accordance with the requirements of 34 Pa.Code § 131.13(d)(1). The penalty award, however, was based solely on [Employer's] failure to submit an enforceable C & R Agreement for approval at the [C & R] hearing. Even where a violation of the Act is found, the imposition of a penalty is discretionary. Consequently, we reasonably read the decision as imposing no penalty for failure to properly request a continuance.

(WCAB's op. at 5–6 n. 4) (citation omitted). Claimant now petitions this court for review.[5]

Claimant first argues that the WCAB erred in concluding that Claimant failed to establish that Employer violated the statute. Claimant asserts that he proved Employer attempted to amend the executed C & R Agreement and refused to proceed with the C & R hearing at the direction of Turner, a non-party. Claimant asserts that Employer's action in this regard violates section 449 of the Workers' Compensation Act (Act).[6] We disagree.

Section 449 of the Act provides, in pertinent part, as follows:

(a) Nothing in this act shall impair the right of the parties interested to compromise and release, subject to the provisions herein contained, any and all liability which is claimed to exist under this act on account of injury or death.

(b) Upon or after filing a petition, **the employer or insurer may submit** the proposed compromise and release by stipulation signed by both parties to the [WCJ] for approval. The [WCJ] shall consider the petition and the proposed agreement in open hearing and shall render a decision. The [WCJ] **shall not approve any compromise and release agreement unless he first determines** that the claimant understands the full legal significance of the agreement. . . .

(c) Every compromise and release by stipulation shall be in writing and duly executed. . . .

(d) The department shall prepare a form to be utilized by the parties for a compromise and release. . . .

77 P.S. § 1000.5 (emphasis added).

■■■ This provision states that an employer or insurer **may** submit a petition for approval of a C & R Agreement. The provision does not prohibit an employer or insurer from withdrawing a petition for approval. Moreover, this court has stated that, under section 449 of the Act, "settlement agreements are not valid until they are approved by a WCJ." *North Penn Sanitation, Inc. v. Workers' Compensation Appeal Board (Dillard)*, 850 A.2d 795, 798 (Pa.Cmwlth.2004). Thus, the C & R Agreement here, although executed, was not a final, conclusive and binding agreement under section 449 of the Act. *See id.* Certainly, Employer did not violate section 449 by attempting to modify an agreement that was not final, conclusive or binding.[7]

---

5. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. 77 P.S. § 1000.5.

7. Relying on *Barszczewski v. Workers' Compensation Appeal Board (Pathmark Stores, Inc.)*, 860 A.2d 224 (Pa.Cmwlth.2004), Claimant asserts that, "[w]here there is no mutual mistake of the parties at the time a compromise and release agreement is executed, a party cannot later refuse to comply with the agreement, based on a desire to add new terms or change existing terms." (Claimant's

Claimant also argues that the WCAB erred in concluding that the WCJ imposed the 50% penalty on Employer solely for failure to submit the executed C & R Agreement for approval. Claimant contends that the WCJ also imposed the 50% penalty on Employer for failure to join Turner as a party, for misrepresentations by Employer's counsel at the C & R hearing, for failure to request a continuance of the C & R hearing and for refusal to produce a subpoenaed witness at the penalty petition hearing.[8] We disagree. The WCJ imposed the 50% penalty for Employer's unreasonable delay in submitting the C & R Agreement for approval.[9] Employer's delay was not caused by Employer's failure to join Turner as a party, by misrepresentations of counsel at the C & R hearing, by Employer's failure to request a continuance of the C & R hearing or by Employer's refusal to produce a subpoenaed witness at the penalty petition hearing.

Claimant further argues that the WCAB erred in concluding that there was a "mutual mistake" by the parties with respect to the restrictions on Claimant's future employment. However, the WCAB did not reach such a conclusion. Indeed, the words "mutual mistake" do not appear anywhere in the WCAB's decision. The WCAB simply concluded that the parties could not agree to modify the C & R Agreement to indicate whether Claimant could seek re-employment with Turner.[10]

Finally, Claimant argues that the WCAB erred in failing to conclude that Employer's contest of the penalty petition was unreasonable. However, based on the foregoing discussion, we disagree that Employer's contest was unreasonable.

Accordingly, we affirm.

### ORDER

AND NOW, this 18th day of August, 2010, the order of the Workers' Compensation Appeal Board, dated February 23, 2010, is hereby affirmed.

---

brief at 17.) However, in *Barszczewski*, the claimant sought to amend a compromise and release agreement **after** the WCJ approved the agreement and it became final, conclusive and binding. Thus, *Barszczewski* does not apply here.

8. We note that the WCJ made no finding that Employer failed to produce a subpoenaed witness and drew no conclusion with respect thereto.

9. The WCJ concluded:
> 5. Defense counsel's behavior warrants a **50% penalty due to the delay** caused by his ridiculously outrageous conduct. The conduct of [counsel] alone warrants the 50% penalty since he represented to the [WCJ] quite vociferously and adamantly that neither he nor his firm represented [Employer]. He stated repeatedly that an entity (Turner Construction) not a party to the litigation would determine whether the signed [C & R Agreement] was valid and whether the hearing would proceed as scheduled. **Had [counsel] proceeded with the hearing as scheduled, no delay would have occurred.**

(WCJ's Conclusions of Law, No. 5) (emphasis added).

10. The common law concept of "mutual mistake" applies in cases where a party seeks to set aside an approved, i.e., final, conclusive and binding, C & R Agreement. *North Penn Sanitation*. It does not apply here.