IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brenda Searfoss a/k/a Brenda Walton,   :
                   Petitioner   :
                              :
        v.                      :
                              :
Commonwealth of Pennsylvania,     :   No. 145 M.D. 2023
                   Respondent  :   Submitted: November 9, 2023

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION
BY JUDGE FIZZANO CANNON               FILED: December 7, 2023

        Brenda Searfoss a/k/a Brenda Walton (Claimant) has filed a petition for review in the nature of a complaint sounding in breach of contract, quasi-contract, and mandamus (Complaint) in this Court's original jurisdiction. Claimant is seeking to enforce an alleged compromise and release (C&R) agreement settling her workers' compensation claim (WC) against her employer, the Commonwealth of Pennsylvania (Employer).

        Presently before the Court are Employer's preliminary objections (POs) to the Complaint. For the reasons discussed below, we sustain Employer's demurrer asserting that there is no valid and enforceable C&R agreement as a matter of law. We dismiss the Complaint with prejudice and dismiss the remaining POs as moot. We also dismiss as moot Claimant's application to depose certain witnesses.

# I. Background

The Complaint avers the following pertinent facts. Claimant sustained an injury in August 2016 in the course of her work for Employer. Complaint, ¶ 4. The parties engaged in settlement negotiations beginning in June 2020 *Id.*, ¶ 8. In January 2021, Employer offered a lump-sum payment of $125,000 to settle the wage loss portion of Claimant's WC claim. *Id.*, ¶ 10.

Employer extended the same offer again in a mediation in October 2021. Complaint, ¶ 11. At the mediation, Claimant was allegedly told by "Judy," purportedly on behalf of Employer, that Claimant needed to apply for a "disability" pension prior to any C&R hearing before a WC judge (WCJ). *Id.*, ¶ 12. Claimant avers that she indicated she would accept Employer's settlement offer "once the disability pension step was completed." *Id.*, ¶ 13. In December 2021, Claimant sought an estimate of her disability pension payments. *Id.*, ¶ 14.

In October 2022, Claimant informed Employer that she was accepting the $125,000 offer. *Id.*, ¶ 15. The next day, Claimant applied for a disability pension. *Id.*, ¶ 16. However, Employer indicated that the offer was no longer open and refused to settle at the previously offered amount. *Id.*, ¶ 20.

Despite Employer's refusal to settle, Claimant filed a C&R petition in November 2022. POs, ¶ 20. Employer responded to the petition and denied there was a valid and enforceable C&R agreement between the parties. *Id.* After holding a hearing in December 2022, a WCJ issued an order dismissing the petition because "no signed [C&R agreement] was submitted by the parties." *Id.*, Ex. 1. Claimant did not appeal from the WCJ's order. *Id.*, ¶ 20.

Claimant then filed the Complaint, sounding in contract, quasi-contract (detrimental reliance), and mandamus, to enforce the alleged C&R agreement.

## II. Employer's POs

Employer asserts various POs to the Complaint,[1] which we reorder and summarize as follows. Employer contends that, as a matter of law, no valid and enforceable C&R agreement exists, even where the parties have a signed written agreement, unless and until a WCJ has held a hearing and approved the C&R agreement. Employer maintains that the WC Act[2] provides for WCJ approval of a C&R agreement as the exclusive means of effectuating a settlement and that Claimant's failure to appeal the WCJ's dismissal of the C&R petition leaves Claimant with no recourse in this Court. Regarding Claimant's averment of detrimental reliance, Employer posits that the claim is legally insufficient because Claimant does not explain how applying for disability pension benefits caused any detriment or why she did not simply withdraw that application when she learned Employer would not move forward with a C&R. Further, Employer asserts that (1) it is not subject to a mandamus claim because it is not acting as a governmental entity in its capacity as Claimant's employer, (2) mandamus will not lie in the absence of a clear right to relief, and (3) mandamus cannot be used to force a party to settle a case.

We agree with Employer that because its refusal to execute a written C&R agreement resulted in the WCJ's dismissal of Claimant's C&R petition, there

---

[1] In ruling on POs, this Court accepts as true all well-pleaded material allegations of fact in the Complaint and any reasonable inferences from those averments. However, we are not bound by legal conclusions, unwarranted inferences, argumentative allegations, or opinions in the Complaint. We will sustain POs only if the law is clear that Claimant cannot succeed on her claim. Any doubt whether the POs should be sustained must be resolved in favor of overruling the POs. *M.T. v. Pa. State Police*, 298 A.3d 466, 469 n.5 (Pa. Cmwlth. 2023) (citations omitted).

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

3

was never a valid and enforceable settlement as a matter of law. Accordingly, we will sustain that PO, and we need not reach Employer's other POs.

Claimant has also filed an application to compel certain depositions. Based on our disposition of the POs, we likewise need not reach the merits of the application.

## III. Discussion

Section 449 of the WC Act, 77 P.S. § 1000.5,[3] governs approval of C&R agreements. Section 449 provides that an employer may submit a signed C&R agreement to a WCJ for a hearing and approval; it further provides that "[e]very [C&R agreement] by stipulation shall be in writing and duly executed . . . ." *Id.* Here, Claimant insists that once she accepted an offer last made by Employer a year earlier, there was a binding C&R agreement, and Employer was required to move forward with the approval process. This Court has considered and rejected similar arguments in two previous decisions.

In *McKenna v. Workers' Compensation Appeal Board (SSM Industries, Liberty Mutual Insurance Co.)*, 4 A.3d 211 (Pa. Cmwlth. 2010), the parties entered into a written, signed C&R agreement, and the employer requested a C&R hearing for approval of the C&R agreement. Later, however, the employer withdrew its petition for approval and refused to proceed with the hearing unless the claimant agreed to an added term.[4] *Id.* at 211-12. The claimant filed a penalty petition

---

[3] Added by the Act of June 24, 1996, P.L. 350.

[4] The claimant was employed by a subcontractor, but the WC insurance policy for the project was carried by the general contractor, who suddenly insisted, after execution of the C&R agreement, that the claimant must agree never to seek employment with the general contractor in the future.

4

asserting that the employer violated the WC Act by withdrawing the petition and refusing to go forward with the executed C&R agreement. *Id.* at 212. A WCJ initially granted the penalty petition, but on appeal, the WC Appeal Board (Board) reversed. This Court affirmed the Board's decision. We explained:

> [Section 449] does not prohibit an employer or insurer from withdrawing a petition for approval. Moreover, this [C]ourt has stated that, under [S]ection 449 of the [WC] Act, "settlement agreements are not valid until they are approved by a WCJ. . . ." Thus, the C&R agreement here, although executed, was not a final, conclusive and binding agreement under [S]ection 449 of the [WC] Act . . . .

*Id.* at 213 (citation omitted).

In this case, the absence of a valid C&R agreement is even clearer than in *McKenna*. There, the parties had actually executed a written agreement and a hearing request was pending when the employer suddenly demanded that the claimant accede to the addition of a new term. Here, there was never a written agreement. Claimant purported to accept an offer Employer had extended nearly two years earlier and had last renewed during mediation a year earlier. At that point, Employer informed Claimant that the offer was no longer open. Under Section 449 and *McKenna*, there was never a binding C&R agreement in this case.

Claimant's attempt to distinguish *McKenna* is without merit. Claimant observes that *McKenna* involved withdrawal of a C&R petition before its approval, while this case involves Employer's refusal to enter into the C&R agreement. Claimant posits:

> *McKenna* is factually inapposite to the facts in the instant case. Here, it is not the C&R agreement which was withdrawn but the settlement offer itself after it was accepted, and after [Claimant] detrimentally relied upon her Employer's representations.

5

> [Employer] withdrew the $125,000 settlement offer, after it was accepted. Section 449 of the [WC] Act is a procedural provision mandating how the parties get a settlement agreement approved, not whether there was one in the first instance.

Claimant's Br. at 12 (bold emphasis removed). This reasoning is directly contrary to this Court's opinion in *McKenna*. Whether an employer refuses to enter into a C&R agreement or withdraws from one already executed is a distinction without a difference. Plainly, under *McKenna*, Employer here could have executed a C&R agreement, filed a petition for its approval, and then changed its mind and withdrawn the petition at any time before approval of the C&R agreement. In that instance, there would have been no valid and binding agreement – *as Claimant expressly admits*. Claimant's Br. at 12 (agreeing that it "is certainly true" that a C&R agreement, "even if executed by [the] parties . . is not a final agreement if the employer withdraws the petition prior to approval . . ."). That being the case, Claimant cannot be heard to argue that Employer could not refuse to execute a C&R agreement in the first place or that a valid C&R agreement could arise despite such refusal. Claimant's argument makes no sense in light of our reasoning in *McKenna*.

In *Falkinburg v. Workers' Compensation Appeal Board (Lowe's Home Centers, LLC)* (Pa. Cmwlth., No. 1867 C.D. 2014, filed August 14, 2015),[5] this Court again held that a C&R agreement could not be enforced where the employer's hearing petition had been withdrawn. In *Falkinburg*, the claimant and the employer reached a settlement agreement; the claimant accordingly withdrew her pending appeal before the Board and the employer filed a petition for a hearing to approve the C&R agreement. *Id.*, slip op. at 11. Later, however, the employer withdrew its

---

[5] This unreported case is cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

petition for a hearing when negotiations broke down. *Id.* As we did in *McKenna*, we refused to enforce the C&R agreement in *Falkinburg,* holding that "[a]s in *McKenna*, [the e]mployer had no obligation to honor an unapproved C&R agreement." *Id.*

Notably, this Court's opinion in *Falkinburg* did not indicate whether the parties had actually executed a written C&R agreement. As stated above, that distinction is immaterial. This Court's decisions applying Section 449 have articulated a bright line rule delineating valid from invalid C&R agreements. Unless and until a WCJ has held a hearing and issued an order approving a C&R agreement, there is no valid agreement. Here, there was never even a signed C&R agreement, so there was nothing for the WCJ to approve.

Claimant's attempt to sidestep the WC Act by bringing a civil action is likewise unavailing. If Claimant believed herself aggrieved by the WCJ's dismissal of her petition for approval of the alleged C&R agreement, she could have appealed the WCJ's decision to the Board. She did not do so. She cannot now resurrect her claim by repackaging it as a civil contract suit.

### IV. Conclusion

Based on the foregoing discussion, Employer's PO demurring to the Complaint on the basis that there is no valid C&R agreement as a matter of law is sustained, and the Complaint is dismissed, with prejudice. Employer's remaining POs are dismissed as moot. We also dismiss as moot Claimant's application to compel depositions.

_____
CHRISTINE FIZZANO CANNON, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brenda Searfoss a/k/a Brenda Walton,　　:
　　　　　　　Petitioner　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　v.　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
Commonwealth of Pennsylvania,　　　:　　No. 145 M.D. 2023
　　　　　　　Respondent　　　　　:

## O R D E R

AND NOW, this 7th day of December 2023, the preliminary objection (PO) of Respondent, the Commonwealth of Pennsylvania (Employer), demurring to the petition for review (Complaint) on the basis that there is no valid compromise and release agreement as a matter of law is SUSTAINED, and the Complaint is DISMISSED, with prejudice. Employer's remaining POs are DISMISSED as moot. The application of Petitioner, Brenda Searfoss a/k/a Brenda Walton, to compel depositions is DISMISSED as moot.

_____
CHRISTINE FIZZANO CANNON, Judge